IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

CRUZ LANIER GRAY,                        )
                                         )
       Plaintiff,                    )
                                         )
  v.                                     )          CV 319-016
                                         )
GEORGIA DEPARTMENT OF                    )
CORRECTIONS, OFFICE OF                   )
HEALTH SERVICES, and                     )
AMERICANS WITH DISABILITIES              )
ACT COORDINATOR, Georgia                 )
Department of Corrections,               )
                                         )
       Defendants.                   )

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Plaintiff, an inmate at Johnson State Prison in Wrightsville, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I.       SCREENING OF THE COMPLAINT

### A.       BACKGROUND

Plaintiff names as Defendants: (1) Georgia Department of Corrections, Office of Health Services; and (2) the Americans with Disabilities Act Coordinator at Georgia Department of Corrections. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must

for purposes of the present screening, the facts are as follows.

The Georgia Department of Corrections ("GDC") exposed serious mentally ill prisoners to a substantial risk of harm.  (Id. at 5.)  GDC knows about the deficiencies but fails to take reasonable measures to abate the risks.  (Id.)  Inmates have died in GDC because of a lack of basic mental health care, and hundreds of other inmates remain at a risk of substantial physical injury, mental decompensation, and permanent mental illness.  (Id.)  Prisoners have a reasonable expectation of having their basic health needs, including mental health needs, met by the State.  (Id.)  GDC is deficient in six areas as to their treatment and care of seriously mentally ill prisoners.  (Id.)  GDC's mental health program is severely understaffed, especially as to mental health professionals.  (Id.)  Mentally ill prisoners are exposed to a disproportionate use of force in segregation and solitary confinement.  (Id.)  Plaintiff seeks relief based on deliberate indifference to his serious mental health illness.  (Id. at 6.)  Plaintiff has suffered depression, "injuries to [his] thinking," and PTSD because of what he has seen happen to other mental health inmates in GDC custody.  (Id.)

B.     DISCUSSION

1.     Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."

Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2.    Plaintiff Fails to State a Claim Upon Which Relief May be Granted

The Eleventh Circuit has held a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation.  <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Plaintiff does not allege any facts indicating how either the GDC Office of Health Services or the unnamed Americans with Disabilities Act Coordinator at GDC has caused any of the harms alleged in his complaint.

Indeed, Plaintiff's complaint consists of nothing but a short series of naked assertions devoid of any factual detail concerning mental health treatment of inmates by GDC.  Plaintiff generally describes some purported inadequacies of GDC's treatment of its mentally ill inmates and states in a conclusory manner some GDC inmates have died in GDC custody and others are at risk of physical and mental injury as a result of GDC's treatment.  (<u>Id.</u> at 5.) Plaintiff contends, again without supporting facts, he has experienced depression, "injuries to [his] thinking," and PTSD as a result of witnessing the treatment of other inmates with mental health issues.  (<u>Id.</u> at 6.)  However, Plaintiff alleges no facts describing his own mental health issues, treatment, and any purported treatment inadequacies.  He also fails to allege how Defendants are responsible for providing mental health treatment or ensuring it is adequate within facilities operated by GDC.  In short, Plaintiff's complaint amounts to nothing more than conclusory allegations Defendants harmed him and, thus, fails to state a

4

claim for relief that is plausible on its face.  See Iqbal, 556 U.S. at 678.

## II.     MOTION FOR EMERGENCY PRELMINARY INJUNCTION

On February 25, 2019, Plaintiff filed a motion for an emergency preliminary injunction, in which he alleges he is being discriminated against at Johnson State Prison ("JSP") as an openly bisexual inmate and JSP officials and medical staff are retaliating against him for filing a grievance against Officer Dixon.  (Doc. no. 10, pp. 1-2.)  The Court lacks jurisdiction to enter any restraining order or injunction against any JSP officials because they are not parties to this lawsuit.  Holmes v. Williams, No. 6:15-cv-12, 2015 WL 4429092, at *8 (S.D. Ga. July 20, 2015) (citing In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs., 72 F.3d 842, 842-43 (11th Cir. 1995)).  Plaintiff alleges no facts connecting named Defendants to the actions at issue in his motion.  Therefore, Plaintiff's motion should be denied.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for an emergency preliminary injunction be **DENIED**, (doc. no. 10), his complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and this civil action be **CLOSED**.

SO REPORTED this 27th day of February, 2019, at Augusta, Georgia.


BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5